UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
FILED
APR 18 2024
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.                                                    INDICTMENT NO. 7:24-CR-4-DCR

**CHRISTOPHER CHAPMAN**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## BACKGROUND

1. At all relevant times, **CHRISTOPHER CHAPMAN** was the Fire Chief of Blackberry Volunteer Fire Department (BVFD) located in Pike County, Kentucky. BVFD was funded by both the Kentucky Fire Commission, a state agency, and Pike County local government. In this capacity, **CHAPMAN** was an agent of the local government of Pike County and an agency thereof (Blackberry Volunteer Fire Department), within the meaning of 18 U.S.C. § 666(a)(1). At all relevant times, **CHAPMAN** was a resident of Pike County, Kentucky.

2. In March 2021, Congress enacted the American Rescue Plan Act (ARPA) to, in part, support communities and local governments which were struggling due to the COVID-19 pandemic. As part of ARPA, the federal government distributed emergency funding to local governments to maintain vital local services. The local government of Pike County, Kentucky received $11,241,735 in ARPA funding.

3. In the one-year period covered by this Indictment, the local government of Pike County, Kentucky, including BVFD, received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, within the meaning of 18 U.S.C. § 666(b).

4. On April 11, 2022, **CHAPMAN**, the sole organizer and member of Rural Public Safety Equipment, LLC (RPSE), registered RPSE with the West Virginia Secretary of State. **CHAPMAN** informed members of the Board of the BVFD that he could obtain fire safety equipment at cost from a safety equipment company. As a result, in April 2022, BVFD began purchasing equipment from RPSE.

5. On May 8, 2022, **CHAPMAN**, acting as the Fire Chief of BVFD, applied for part one of the Pike County Fire/Rescue Recovery Grant Application to obtain funding for turnout gear. On June 16, 2022, Pike County Fiscal Court issued a $25,000 grant to BVFD for turnout gear.

6. On July 7, 2022, **CHAPMAN**, acting as the Fire Chief of BVFD, applied for part two of the Pike County Fire/Rescue Recovery Grant Application to obtain funding for equipment and building maintenance. On July 18, 2022, Pike County Fiscal Court issued a $25,000 grant to BVFD for equipment and building maintenance.

7. During the relevant period, BVFD prepaid and ordered fire and safety equipment from RPSE. Instead of using the prepayments from BVFD to fulfill the fire and safety equipment orders, **CHAPMAN** withdrew cash on numerous occasions from the RPSE bank account for his personal use.

## COUNT 1
## 18 U.S.C. § 666(a)(1)(A)

8. Paragraphs 1 through 7 of this Indictment are re-alleged and incorporated by reference as if set forth fully herein.

9. From on or about May 15, 2022, through on or about May 14, 2023, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**CHRISTOPHER CHAPMAN,**

being an agent of an organization, said organization receiving more than $10,000 of federal funds in the same twelve month period under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance, knowingly embezzled, stole, obtained by fraud, otherwise without authority knowingly converted to the use of a person not to the rightful owner, and intentionally misapplied property valued at $5,000 or more and owned by and under the care, custody, control of the local government of Pike County and Blackberry Volunteer Fire Department, all in violation of 18 U.S.C. § 666(a)(l)(A).

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461

1. By virtue of the commission of the offense alleged in Count 1 of the Indictment, **CHRISTOPHER CHAPMAN** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s) of 18 U.S.C. § 666(a)(1)(A). Any and all interest that **CHRISTOPHER**

CHAPMAN has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
A forfeiture money judgment in the amount of proceeds obtained by the Defendant as a result of the offense charged in Count 1.

3. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

*[signature]*
**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Imprisonment for not more than 10 years, a fine of not more than $250,000, and supervised release for not more than 3 years.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.