UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:24-CR-04-KKC

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                          **PLEA AGREEMENT**

CHRISTOPHER CHAPMAN                                                         DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 666(a)(1)(A), Theft of Public Funds.

2. The essential elements of Count 1, 18 U.S.C. § 666(a)(1)(A), are:

    (a) The Defendant was an agent of an organization or agency thereof.

    (b) In a twelve-month period, the organization or agency thereof received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

    (c) During the same twelve-month period, the Defendant embezzled, stole, obtained by fraud, or otherwise without authority knowingly converted to the use of any person other than the rightful owner money or property that was worth at least $5,000 and that was in the care, custody, or control of the organization or agency thereof.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits

1

these facts:

    (a) Throughout the period between May 15, 2022 and May 14, 2023, the Defendant was the Fire Chief of the Blackberry Volunteer Fire Department (hereinafter "BVFD"), located in Pike County, Kentucky. In this position, the Defendant was an agent of both the local government of Pike County and the Blackberry Volunteer Fire Department. During this time period, the local government of Pike County received benefits in excess of $10,000 under a federal program.

    (b) In 2021, Congress enacted the American Rescue Plan Act (hereinafter "ARPA"), in part, to support communities and local governments which were struggling due to the COVID-19 pandemic. As part of ARPA, the federal government distributed emergency funding to local governments to maintain vital local services.

    (c) In the spring of 2022, the local government of Pike County authorized distributing a total of $50,000 of funds made available by ARPA in the form of two $25,000 grants to each fire department located within Pike County. These grants were called the Pike County Fire/Rescue Recovery Grants. The funds for the first grant were designated for the purchase of turnout gear. The funds for the second grant were designated for equipment and building maintenance.

    (d) On April 11, 2022, the Defendant, as the sole organizer and member, created a company named Rural Public Safety Equipment, LLC (hereinafter "RPSE") and registered it with the West Virginia Secretary of State. The Defendant informed members of the Board of the BVFD that he could obtain fire safety equipment at cost from a safety equipment company. He did not disclose he was the owner of the company. As a result, in April 2022, BVFD began purchasing equipment from RPSE.

    (e) On May 8, 2022, as part of his responsibilities as the BVFD Fire Chief, the Defendant applied for part one of the Pike County Fire/Rescue Recovery Grant Application to obtain funding for turnout great. On June 16, 2022, Pike County Fiscal Court issued a $25,000 grant to BVFD for turnout gear.

    (f) On July 7, 2022, as part of his responsibilities as the BVFD Fire Chief, the Defendant applied to part two of the Pike County Fire/Rescue Recovery Grant Application to obtain funding for equipment and building maintenance. The Defendant included an itemized list of equipment that BVFD would purchase with the grant money. On July 18, 2022, Pike

2

    County Fiscal Court issued a $25,000 grant to BVFD for equipment and building maintenance.

  (g) In total, BVFD prepaid and ordered $76,854.50 worth of fire and safety equipment from RPSE.

  (h) Instead of using the prepayments from BVFD to fulfill the orders, the Defendant withdrew $61,500 in cash from the RPSE bank account for his own personal use. He used the rest of the money for his personal use through direct purchases from the RPSE bank account. The Defendant never fulfilled any of BVFD's fire and safety equipment orders.

  (i) Through the aforementioned means, the Defendant used his position to take wrongfully $5,000 or more in funds, goods, and services from the local government of Pike County and BVFD during the period between May 15, 2022, and May 14, 2023.

4. The statutory punishment for Count 1 is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

  (a) United States Sentencing Guidelines (U.S.S.G), November 1, 2023, manual, will determine the Defendant's guidelines range. Pursuant to U.S.S.G. § 1B1.2, the Defendant's relevant conduct includes all of the Defendant's thefts from the government of Pike County, Kentucky and BVFD.

  (b) Pursuant to U.S.S.G. § 2B1.1, the base offense level is 6.

  (c) Pursuant to U.S.S.G. § 2B1.1(b), the parties agree that the offense level should be increased by 6 levels because the loss foreseeable to the Defendant exceeded $40,000 but was less than $95,000.

3

(d) Pursuant to U.S.S.G. § 3B1.3, the parties agree that the offense level should be increased by 2 levels because the Defendant abused a position of trust.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, the parties agree the offense level should be decreased by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f) Pursuant to U.S.S.G. § 4C1.1, the parties agree that if the Defendant has zero criminal history points, the offense level should be decreased by two points because he would be an eligible zero-point offender.

(g) Pursuant to U.S.S.G. § 5E1.1, the parties agree that the Defendant shall pay restitution in the amount of $76,854.50, of which $11,000 shall be paid to the Kentucky Fire Commission and the remainder shall be paid to the local government of Pike County, Kentucky.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands and agrees that he will return all BVFD equipment and property in his possession to BVFD prior to the final sentencing hearing.

4

10. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

11. The Defendant consents to the imposition of a forfeiture money judgment in the amount of $76,854.50, which represents the amount of proceeds that the Defendant obtained as a result of the offense to which he is pleading guilty. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2. If the Defendant fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of 76,854.50, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant agrees to pay restitution in the amount of $11,000 to the Kentucky Fire Commission and the remainder to the local government of Pike County, Kentucky, for a total of $76,854.50, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event

giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held

by the U.S. Probation Office.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 8/12/24   By: *Brittany Dunn-Pirio*
Brittany Dunn-Pirio
Assistant United States Attorney

Date: 8-12-24   *Christopher Chapman*
Christopher Chapman
Defendant

Date: 8-12-24   *Andy Markelonis*
Andy Markelonis
Attorney for Defendant

8