UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:24-CR-04-KKC

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                      **SENTENCING MEMORANDUM**

CHRISTOPHER CHAPMAN                                         DEFENDANT

\* \* \* \* \*

In advance of sentencing of Defendant Christopher Chapman, the United States submits the following sentencing memorandum. When imposing a sentence, the Court must select a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [section 3553(a)]." 18 U.S.C. § 3553(a).

## BACKGROUND

In 2021, in the height of the COVID-19 pandemic, Congress enacted the American Rescue Plan Act (ARPA), which provided emergency funding to communities and local governments struggling due to the pandemic. [PSR ¶ 8]. The federal government distributed ARPA funds to Pike County Fiscal Court. [*Id.*]. In the spring of 2022, Pike County Fiscal Court created a grant program using ARPA funds for all fire departments in the county. [PSR ¶ 9]. The Pike County Fire/Rescue Recovery Grant was comprised of two $25,000 grants, which were designated for the purchase of turnout gear and for equipment

1

and building maintenance. [PSR ¶ 9]. Turnout gear is protective clothing worn by firefighters to shield them from the dangers of fire.

On April 11, 2022, Chapman, the Fire Chief of the Blackberry Volunteer Fire Department (BVFD), created Rural Public Safety Equipment, LLC (RPSE) by registering it with the West Virginia Secretary of State (WV SOS). [PSR ¶ 10]. He then informed BVFD board members that he could obtain fire safety equipment at cost from a safety equipment company but did not disclose that he was the owner of the company. [*Id.*]. Later that month, BVFD began placing orders with RPSE for fire equipment that would never be delivered. [*Id.*].

Less than a month after registering RPSE with the WV SOS, Chapman began applying for the Pike County Fire/Rescue Recovery Grants on behalf of BVFD. [PSR ¶¶ 11-12]. On May 8, 2022, he successfully applied for the first grant for turnout gear. [PSR ¶ 11]. On July 7, 2022, he successfully applied for the second grant for equipment and building maintenance. [PSR ¶ 12]. BVFD received $50,000 in grant money. [PSR ¶¶ 11-12]. In addition to the $50,000 grant, BVFD received, $33,000 in annual funding from Pike County Fiscal Court and the Kentucky Fire Commission in 2022.

BVFD used its funding to order $76,854.50 worth of fire and safety equipment from RPSE. [PSR ¶ 13]. Chapman stole all of the money. [PSR ¶ 14]. He withdrew $61,500 in cash from his RPSE bank account and used the rest of the money on personal expenses. [PSR ¶ 15]. Chapman never delivered any equipment. [PSR ¶14].

## SENTENCING FACTORS ANALYSIS

Chapman's total offense level is ten, and his criminal history category is I. Accordingly, his advisory sentencing guideline range is six months to 12 months. The United States seeks a sentence at the high end of the guidelines. This sentence "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law," and "afford[s] adequate deterrence" for both Chapman and others in a position of public trust from stealing from local government entities. 18 U.S.C. § 3553(a).

### A. Seriousness of the Offense

As the fire chief of BVFD, Chapman abused his position of authority and trust when he stole over $76,000 from the local volunteer fire department for his own personal gain. Chapman orchestrated a plan to steal from the fire department: he created an LLC, applied for two grants on behalf of the fire department, convinced the fire department to purchase safety equipment from his LLC using both grant money and annual funds, and stole the fire department's money. Chapman was able to successfully carry out his plan because he was a trusted member of the fire department.

This crime is particularly egregious because Chapman, as the fire chief, knew that BVFD was in desperate need of money. He was aware that the fire station had been flooded twice in recent years and sustained serious damage. [Victim Impact Statement]. As the person who applied for the grants, Chapman knew the grants were supposed to go towards building maintenance and the purchase of fire safety equipment. By stealing the funds,

3

Chapman has put not only volunteer firefighters' lives at risk but also members of the Ransom, Kentucky community as risk.

Although the loss amount is relatively low in this case compared to many federal cases, it is important for the Court to consider the context of the total amount stolen in gauging the seriousness of this offense. Of the over $76,000 funds stolen, $50,000 were ARPA funds. The majority of the funds stolen were taxpayer dollars sent to Pike County by the federal government to help combat the impact of one of our country's largest health and economic disasters – the Covid-19 pandemic. The ARPA funds essentially served as a once-in-a-lifetime bonus for BVFD. BVFD typically receives only $33,000 a year in public funding. Chapman's theft is approximately 2.5 times BVFD's annual funding.

### B. Deterrence

Deterrence is a significant factor in this case. General deterrence of others, who might consider embezzling public funds from local governments and fire departments during a public health and economic emergency, is just as important as specific deterrence in this case. During an emergency, local governments rely on federal funding to assist them when they do not have adequate funds to combat the emergency on their own. When individuals abuse their position of trust, it makes it harder for all levels of government to justify expeditiously distributing aid. Potential bad actors, like Chapman, need to understand that the risks involved in stealing public funds are great.

**C. Respect for the Law**

The United States acknowledges that Chapman does not have a criminal history; however, his repeated theft of fire department funds for over a year demonstrates a disregard for the law and a fundamental failure to appreciate the true purpose of annual fire department funding and federal COVID-19 relief funds.

## RECOMMENDATION

The United States submits that a sentence at the high-end of the advisory guideline range for Chapman will satisfy the § 3553(a) factors.

                                                  Respectfully submitted,

                                                  PAUL C. McCAFFREY
                                                  ACTING UNITED STATES ATTORNEY

By:    /s/ *Brittany Dunn-Pirio*
          Brittany Dunn-Pirio
          Assistant United States Attorney
          260 W. Vine Street, Suite 300
          Lexington, KY 40507
          (859) 233-2661
          Brittany.Dunn-Pirio@usdoj.gov

## **CERTIFICATE OF SERVICE**

On February 13, 2025, I electronically filed this document through the CM/ECF system, which will send notice to counsel of record.

/s/ Brittany Dunn-Pirio
Assistant United States Attorney
