UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CRIMINAL ACTION NO. 7:24-CR-0004-KKC

UNITED STATES OF AMERICA                                                      PLAINTIFF

VS.

CHRISTOPHER CHAPMAN                                                          DEFENDANT

## SENTENCING MEMORANDUM

Comes now the Defendant, CHRISTOPHER CHAPMAN, by counsel, and hereby submits the following Sentencing Memorandum in the above-styled action.

Chris Chapman is a 36-year-old young man who has lived his entire life in the South Williamson area in Pike County, Kentucky. Chris has a high school diploma and has two siblings who also live in the Pike County, Kentucky area along with his mother. His family tragically suffered the loss of Chris' brother due to an accidental firearm accident which took his brother's life in 2022. Chris has been employed virtually all of his adult life in the fields of public safety and first responder occupations, including work as a 911 dispatcher for Mingo County, West Virginia and as a seasonal employee for the West Virginia Division of Forestry, among others as found in Paragraph 46 of the Presentence Report (PSR). He has maintained employment during the pendency of this case as well at AutoZone in South Williamson, Kentucky. During a brief period of unemployment, Chris asked undersigned counsel to file a Motion with this Court to request that he be allowed to travel within the Southern District of

West Virginia to improve his chances of obtaining employment while his current case was pending before the Court; the Court sustained Mr. Chapman's Motion and he has continued to work and travel within the two adjoining Districts without incident.

Chris has accepted responsibility for his conduct in this case, having entered a guilty plea before the Court on August 20, 2024 to One Count of Theft of Public Funds under 18 U.S.C. Sec. 666(a)(1)(A), while working as Fire Chief of the Blackberry (KY) Volunteer Fire Department. Counsel and Mr. Chapman do not dispute the factual basis of the offense contained in Paragraphs 7-15 of the PSR.

Counsel and Mr. Chapman agree with the U.S. Probation Office's calculation of his sentencing guidelines contained in Paragraphs 20-28, 32-33, and 51-53 (inclusive). Chris has absolutely no criminal history, including minor traffic violations. In addition, he has no history of alcohol or drug use or misuse in his background. As a result, Chris lands at nearly the very lowest range of the sentencing guidelines for this particular offense, i.e., Zone B with a Criminal History Category of I (One), resulting in a guideline range of 6 to 12 months. Counsel also advises the Court that Chris has received an adjustment under USSG Sec. 4C1.1 as a "Zero Point Offender.

Counsel believes that the Zero Point Offender status in Chris' case is especially noteworthy insofar as the Sentencing Commission contemplates that offenders in Chris' situation are generally appropriate for a sentence *other than imprisonment* (emphasis added). USSG Sec. 5C1.1(b) or (c)(3). The undersigned believes that Chris is exactly the type of offender contemplated under the foregoing. He has no criminal history whatsoever. His criminal offense did not involve acts of violence, nor did they cause any type of physical injury. And, obviously, no weapons or dangerous drugs were involved in the offense.

Application Note No. 10 of the Sentencing Guidelines entitled "Imposition of a Term of Imprisonment" appears to demonstrate that the Commission wanted to take special pains to point out that it was generally appropriate for Zero Point Offenders like Chris Chapman to receive a sentence other than active imprisonment. Counsel and Mr. Chapman would ask the Court to impose a sentence in his case that is satisfied either by a sentence of probation that includes a period of home detention that also includes electronic monitoring and supervision by United States Probation. Obviously, as mentioned in Paragraph 65 of the PSR, there is a statutorily mandated amount of restitution in this case in the amount of $76,854.50. Chris has demonstrated a lifelong work ethic which will allow him to make restitution in this case; counsel believes that a sentence of incarceration will only further delay restitution to the victim(s) in this case.

Chris will, of course, suffer numerous disabilities as the result of the felony conviction he receives in this case. He will be a convicted felon who is barred from many types of employment. He will lose his rights to vote, run for public office or possess a firearm. Many types of housing and living arrangements will be closed to him as well. Counsel respectfully believes that a term of imprisonment is not necessary given the "history and characteristics" of Chris Chapman. Counsel and Mr. Chapman are mindful that a punishment component is a part of sentencing in federal court, of course. However, counsel respectfully maintains that the punitive and deterrence factors of sentencing in this case can be achieved via home detention for a period of 6-12 months, followed by the maximum period of probation to follow, as well as the maximum term of supervised release. Such a sentence, counsel believes, would more justly achieve the sentencing goals in Mr. Chapman's case.

Chris Chapman is not a dangerous offender who needs to be separated from society in a penal facility. Counsel respectfully urges the Court to impose a proportionate sentence not

unlike the type suggested in Commentary Note 10 to USSG Sec. 5C1.1.  A hybrid sentence of this type will promote deterrence for Mr. Chapman.  It will also be a sentence commensurate with the nature and seriousness of the offense herein, while, at the same time, avoid an unwarranted disparity in sentencing between Chris Chapman and other defendants who are similarly situated.

/s/Andy Markelonis\
ANDY MARKELONIS\
P.O. Box 464, 2708 Louisa Street\
Catlettsburg, Kentucky  41129\
(606) 739-8616; (606) 615-6711\
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon the parties via the CM/ECF filing system on this the 21st day of February, 2025.

/s/Andy Markelonis\
ANDY MARKELONIS